IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY LEE COLLINS,

      Plaintiff,

      v.                                        CASE NO.  23-3243-JWL

BERNADINE D. LUMBRERAS,
et. al,

      Defendants.

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Norton Correctional Facility in Norton, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7).

### I.  Nature of the Matter before the Court

Plaintiff claims that Defendants unlawfully seized money from his Kansas Department of Corrections ("KDOC") inmate trust fund account in violation of the Fourth and Fourteenth Amendments. (Doc. 6, at 46.)  Plaintiff challenges "non-wage" garnishments that were requested and ordered from his inmate trust funds based on his state criminal cases, Case Nos. 2018-CR-2631-FE and 2021-CR-1345-FE, in the District Court of Sedgwick County, Kansas.  *Id*. at 2. Plaintiff claims he was "employed" with Hess Service, Inc., while incarcerated at the Stockton Correctional Facility, under a "Private Industry Work Program" which is governed by K.S.A. § 75-5268, and was not earning "Non-Wage Earnings," which are instead governed by K.S.A. § 75-5211(a).  *Id*.  Therefore, Plaintiff claims he should not have been subjected to an order for a non-wage garnishment from December 9, 2022, through June 1, 2023.  *Id*. at 3.

Plaintiff also claims that the state court clerk did not have authority to sign the

1

garnishment orders in the state criminal cases, the process failed to comply with various Kansas statutes, and none of the defendants took any action to cure the insufficient court orders. *Id*. at 7–28, 37. Plaintiff states that the Court "should vacate the judgments and return all illegally seized money in the possession of the courts and compensate the [Plaintiff] for damages incurred as a result of the time and lose [sic] and violation to the secured rights of the movant." *Id*. at 22. Plaintiff asks this Court to correct his illegal sentence. *Id*. at 41. Plaintiff also asserts a claim for mistreatment of a confined person under K.S.A. § 21-5416(a). *Id*. at 50.

Plaintiff names as Defendants: Bernadine D. Lumbreras, Clerk of the Sedgwick County District Court; Gary L. Fanning, Jr., Attorney with Butler & Associates; Melissa Brooke, Business Manager/Garnishee, Central Inmate Banking, KDOC; Jeffrey Zmuda, KDOC Secretary of Corrections; and the KDOC.

Plaintiff claims that the KDOC Central Inmate Banking Manager, as garnishee, failed to cure the deficiencies and relied on the invalid court order; and the Secretary of Corrections denied Plaintiff's grievances seeking to correct the issue. *Id*. at 28, 30. Plaintiff contends that the KDOC is a municipality and therefore a "person" under § 1983. *Id*. at 30.

Plaintiff has filed a motion for leave to file an amended complaint, seeking to add as defendants another attorney for the collection agency and the state court judge presiding over his state criminal cases. (Doc. 7, at 1.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

3

1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Motion to Amend

Although Plaintiff is entitled to amend his complaint once as a matter of right under Fed. R. Civ. P. 15, his proposed amended complaint—which must be on a Court-approved form— must be attached to his motion.  *See* Fed. R. Civ. P. 15(a)(1) (Amending as a Matter of Course); D. Kan. Rule 9.1(a)(3) ("civil rights complaints by prisoners under 42 U.S.C. § 1983 . . . must be on forms approved by the court"); D. Kan. Rule 15.1(a)(2) ("[a] party filing a motion to amend . . . must:  . . . (2) attach the proposed pleading or other document. . ."). The Court will deny the

motion to amend and will grant Plaintiff an opportunity to submit a proper amended complaint on a Court-approved form. However, Plaintiff should keep the following in mind when submitting his amended complaint.

2. **Rule 8**

Plaintiff's Complaint and attachments consist of 186 pages. (Doc. 6.) Although Plaintiff uses the first page of the Court-approved form for the first page of his Complaint, the remainder consists of single-spaced typewritten pages.

In filing an amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. "Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

Plaintiff's amended complaint must be submitted on the Court-approved form and must comply with Rule 8's pleading standards.

3. **Defendants**

  A. **Eleventh Amendment Immunity**

Plaintiff names as defendants the KDOC, the Secretary of Corrections for the KDOC, and the KDOC's Central Inmate Banking Business Manager. Although Plaintiff claims that the KDOC is a "municipality," the KDOC is a state agency.

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

For § 1983 purposes, a state official is the state itself when sued in his official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A state officer sued in his official capacity also enjoys this protection. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). "The Tenth Circuit has made it clear that where a claimant seeks relief against a KDOC official in his or her official capacity, the party seeks judgment against the KDOC itself, rendering the claim as one against the sovereign." *Jamerson v. Heimgartner*, No. 5:17-3205-JAR-KGG, 2020 WL 1923074, at *10 (D. Kan. April 21, 2020) (citing *Jones v. Courtney*, 466 F. App'x 696, 699 – 700 (10th Cir. 2012) (collecting cases)). Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

"A party's capacity to sue or be sued in federal court is determined by state law." *Sims v. Kansas Dep't of Corr.*, Case No. 18-01259-EFM-KGG, 2019 WL 4450671, at *4 (D. Kan. Sept. 17, 2019) (citation omitted). "Under Kansas law, absent express statutory authority,

6

legislatively-created government agencies lack the capacity to sue or be sued." *Id*. (citing *Grayson v. Kansas*, 2007 WL 1259990, at *3 (D. Kan. 2007) (citation omitted)). "The KDOC is a legislatively-created government agency, and Kansas law does not permit it to sue or be sued." *Id*. (citing K.S.A. § 75-5203). Furthermore, as an agency of the State, the KDOC has absolute immunity under the Eleventh Amendment to a suit for money damages. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State, nor its officials acting in their official capacities are 'persons' under § 1983").

Plaintiff also names as a defendant the state court clerk. Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a). The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities. K.S.A. 20–162(a), (b).

### B. Attorneys

Plaintiff names an attorney with Butler and Associates, the collection agency, as a defendant and seeks to amend his complaint to add an additional attorney from the agency.

Plaintiff must show that these attorneys were acting under color of state law as required under § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff's Complaint fails to sufficiently allege that these attorneys were acting under color of state law, this Court lacks jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").

### C. State Court Judge

Plaintiff seeks to amend his complaint to add a state court judge as a defendant. (Doc. 7, at 1.)  State court judges are entitled to personal immunity.  "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judge would be subject to dismissal on the basis of judicial immunity.  A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57.

Plaintiff alleges no facts whatsoever to suggest that the state court judge acted outside of his judicial capacity.

### 4. Challenge to Garnishment

Plaintiff is challenging garnishments collected by Butler & Associates based on his prior criminal convictions. This circuit "applies the Supreme Court's analysis in *Sandin v. Conner*, 515 U.S. 472 . . . (1995), to determine whether a prisoner has a property interest giving rise to a right to due process." *Johnson v. Whitney*, 723 F. App'x 587, 591 (2018) (unpublished) (citing *Cosco v. Uphoff*, 195 F.3d 1221, 1223–24 (10th Cir. 1999)). The deprivation must impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id*. (citing *Sandin*, 515 U.S. at 483–84). The Tenth Circuit in *Johnson* held that there was an *arguable* basis for the plaintiff to argue that the deprivation—the withholding of his inmate pay when he has no other source of income and his account balance is less than $10.00—"is both atypical in his prison environment and significant in the context of the minimal pay he receives each month." *Id*. at 592.

However, even assuming Plaintiff can show he has a property interest in his prison account,[1] deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. *See id*. at 593 (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a [due-process] violation . . . if a meaningful postdeprivation remedy for the loss is available," and "the state's action is not complete until it provides or refuses to provide a suitable postdeprivation remedy."); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994)

---

[1] *See Leek v. Miller*, 698 F. App'x 922, 928–29 (10th Cir. June 7, 2017) (unpublished) (finding that the law in this circuit is not clearly established as to whether a prisoner has a protected property interest in his prison account).

9

("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege facts sufficient to show the lack of an adequate post-deprivation remedy. *See Johnson v. Raemisch*, 763 F. App'x 731, 734 (10th Cir. 2019) (unpublished) (finding that indigence, lack of counsel, and confinement do not render a state post-deprivation remedy inadequate, and the fact that the state courts will not construe the claim as liberally as plaintiff would prefer does not suffice to show inadequacy).

"*Hudson* held that a post-deprivation remedy does not satisfy due process 'where the property deprivation is effected pursuant to an established state procedure.'" *Johnson*, 723 F. App'x at 593 (citing *Hudson*, 468 U.S. at 534). In *Johnson*, the Tenth Circuit rejected the argument that the deprivation in that case was effected pursuant to an established state procedure, finding that plaintiff "alleged in his complaint that his inmate pay was withheld in violation of, rather than according to, established procedure." *Id*. at 593. Plaintiff in this case has likewise argued that the garnishments were in violation of state law and KDOC regulations.

In his amended complaint, Plaintiff must show that the deprivation imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and facts sufficient to show the lack of an adequate post-deprivation remedy.

### 5. Mistreatment of a Confined Person

Plaintiff asserts a claim for mistreatment of a confined person under K.S.A. § 21-5416(a). There is no indication that Kansas courts have found that this criminal statute can be used as the

basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted). The Kansas statute cited by Plaintiff is a criminal statute that does not mention civil liability and is not enforceable through a civil lawsuit.

### 6. Request to Correct Illegal Sentence

To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). Prior to bringing a habeas action, a plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); *see also* K.S.A. § 22-3504 (setting forth procedure for the state court to correct an illegal sentence); *see*

11

*also Dawson v. Schnurr*, 2021 WL 5298664, at n.1 (D. Kan. 2021) (noting that although K.S.A. § 22-3504 allows Kansas state court to "correct an illegal sentence at any time," the AEDPA limitation period for federal habeas petitions begins to run when a *conviction* is final, not when the state court renders a final decision on a motion under § 22-3504). Any claim challenging Plaintiff's state court sentence is not cognizable in a § 1983 action.

### 7. Initial Partial Filing Fee

The Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee in the amount of $166.50. The initial fee was due by November 27, 2023, and has not been paid. Plaintiff was warned that "[f]ailure to pay the fee may result in dismissal of this matter without further notice." (Doc. 5.) The Court will extend the deadline to submit the fee, but failure to comply by the new deadline may result in dismissal of this matter without further notice.

## IV. Conclusion

Plaintiff shall have until January 8, 2024, in which to submit a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3243-JWL) at the top of the first page of

the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 8, 2024**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 8, 2024**, in which to submit the $166.50 initial partial filing fee.  Failure to submit the fee by this new deadline may result in dismissal of this matter without further notice.

**IT IS FURTHER ORDERED** that the Clerk is directed to redact Plaintiff's social security number on pages 10 through 19 of Doc. 6–2.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 7, 2023, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

Case 5:23-cv-03243-JWL   Document 8   Filed 12/07/23   Page 14 of 14